NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5411-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LARRY D. FISHER,

 Defendant-Appellant.

_______________________________

 Argued October 3, 2017 – Decided November 27, 2017

 Before Judges Sumners and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Ocean County, Indictment No. 15-
 08-1690.

 Edward C. Bertucio argued the cause for
 appellant (Hobbie, Corrigan & Bertucio, PC,
 attorneys; Mr. Bertucio and Elyse S. Schindel,
 on the briefs).

 Arielle E. Katz, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General, attorney; Ms.
 Katz, of counsel and on the brief).

PER CURIAM
 Defendant appeals the denial of his motion to suppress

evidence; he argues:

 POINT I

 THE JUDGMENT OF CONVICTION SHOULD BE REVERSED
 BECAUSE THE TRIAL COURT ERRONEOUSLY DENIED
 APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED
 WITH A WARRANT.

 A. THE EXECUTION OF THE SEARCH WARRANT
 VIOLATED THE "KNOCK AND ANNOUNCE" RULE.

 B. THERE WAS NO PROBABLE CAUSE FOR THE
 ISSUANCE OF THE SEARCH WARRANT FOR THE
 RESIDENCE. THERE WAS ALSO NO BASIS TO INCLUDE
 A SEARCH FOR WEAPONS IN THE SEARCH WARRANT
 APPLICATION.

We agree with the motion judge that probable cause existed for the

issuance of the search warrant, the firearm was properly seized,

and the execution of the warrant did not violate the knock and

announce rule. Accordingly, we affirm.

 Detective John Gartner submitted two affidavits in support

of applications for search warrants for defendant's Lakewood

residence and a Lexus registered in his name. Gartner's affidavits

recited that a confidential informant (CI), whose past cooperation

with Gartner's unit led to the arrest of four persons "for a

quantity of heroin and cocaine," told Gartner that the CI could

buy marijuana from an individual he identified in a photograph as

defendant, at defendant's residence.

 2 A-5411-15T1
 Gartner also described in detail two controlled purchases of

marijuana from defendant by the CI. Gartner submitted that he and

another detective witnessed the CI arrange, by telephone, the

purchase. Thereafter, the detectives searched the CI for money

and contraband with negative results, provided him with money to

make the purchase, and transported him to a location near

defendant's residence. Gartner described what he and other

detectives observed during their constant surveillance of the CI

and defendant. The CI arrived at defendant's residence and made

contact with him. The defendant then exited the residence,

appeared to direct the CI away from the residence, entered the

Lexus and drove to meet the CI. Defendant met the CI, who entered

the Lexus, and drove the CI back to the residence. The CI exited

the Lexus, met directly with detectives, described the purchase

of marijuana from defendant, and turned the substance over to

Gartner. The detectives again searched the CI for drugs and

contraband with negative results. The substance field-tested

positive for marijuana. Gartner's affidavits also recited a

second, similar purchase made by the CI from defendant at

defendant's residence.

 Gartner also related that the Lakewood address was listed as

defendant's residence in New Jersey Division of Motor Vehicle

records and defendant's Computerized Criminal History.

 3 A-5411-15T1
 The motion judge found probable cause was established by the

surveilled controlled purchases of confirmed marijuana by the CI

whose previous cooperation with law enforcement led to four arrests

for possession of heroin and cocaine. The judge ruled the

purchases confirmed the CI's tip regarding his ability to purchase

marijuana from defendant.

 Defendant argues the motion judge erred because the CI's tip

was without sufficient foundation – the CI's basis of knowledge –

to justify the issuance of the warrant; and the detectives never

participated in or witnessed a drug transaction with defendant or

a drug transaction at the residence.

 When determining whether probable cause exists for a warrant,

a reviewing court must consider only the "four corners" of the

affidavit and any sworn testimony given before the issuing judge.

State v. Wilson, 178 N.J. 7, 14 (2003). A defendant has the burden

to show the absence of probable cause. State v. Keyes, 184 N.J.

541, 554 (2005).

 When information is based on an informant's tip, "the issuing

court must consider the 'veracity and basis of knowledge' of the

informant[,]" id. at 555 (quoting State v. Jones, 179 N.J. 377,

389 (2004)), as well as law enforcement's ability to corroborate

the tip, id. at 556. Under the first factor, although not

conclusive, an informant's past reliability can be probative of

 4 A-5411-15T1
veracity. State v. Sullivan, 169 N.J. 204, 213 (2001). Under the

second factor, we consider whether the informant can demonstrate

that he received the information in a reliable way, and in the

absence of such disclosure, whether the informant's tip is

sufficiently detailed. Ibid. "Because the information contained

in a tip is hearsay, police corroboration of that information 'is

an essential part of the determination of probable cause.'" Ibid.

(quoting State v. Smith, 155 N.J. 83, 95, cert. denied, 525 U.S.

1033, 119 S. Ct. 576, 142 L. Ed. 2d 480 (1998)). Corroborating

facts may include "controlled drug purchases performed on the

basis of the informant's tip, the positive test results of

narcotics obtained during a controlled purchase, and records

corroborating an informant's account of the location of suspended

drug activity." Jones, supra, 179 N.J. at 390.

 In Sullivan, a confidential informant told a detective that

the defendant had been selling cocaine out of his apartment.

Sullivan, supra, 169 N.J. at 207. After receiving that

information, the detective arranged a controlled purchase with the

informant. Id. at 208. During the purchase, the detective

observed the informant go into the apartment and exit the building

moments later. Ibid. The informant gave the detective vials

containing a substance later determined to be cocaine. Ibid. The

detective observed the informant make a similar purchase from the

 5 A-5411-15T1
defendant a week later. Id. at 208-09. Based on these facts, the

trial court issued a warrant authorizing the police to search the

defendant's person and the apartment. Id. at 209.

 The Sullivan Court held, although the informant had no history

of providing reliable information to the police, the two controlled

purchases of cocaine established his reliability. Id. at 214-15.

The Court concluded the detective properly corroborated the

informant's tip by reviewing a utility bill to verify defendant's

residence at the address provided by the informant, and by

confirming that the substance purchased was cocaine. Id. at 216.

The inability of the police to observe the informant enter the

specific apartment was not considered fatal. Ibid.

 Here, the CI demonstrated past reliability by assisting in

four drugs arrests. Moreover, the CI completed two controlled

purchases from defendant after meeting defendant at his residence.

Law enforcement surveillance confirmed the CI's actions, and those

of defendant, except for the actual transactions. The substance

handed over by the CI to the detectives field-tested positive for

marijuana. Although the detective did not supply the CI's basis

of knowledge, the CI's past cooperation, combined with the

controlled purchases that were confirmed by police surveillance,

sufficiently established probable cause for the issuance of the

search warrant.

 6 A-5411-15T1
 Defendant correctly observes that the issuing judge was

presented with no information that would justify the inclusion of

"weapons" in the search warrant for defendant's residence.

Contrary to defendant's contention before the motion judge and on

appeal, that flaw was not fatal to the warrant.

 Save for the single word – "weapons" – the warrant was proper.

We agree with the motion judge who found no evidence of bad faith

on the part of the affiant. When the detective recited the items

for which he wanted to search pursuant to the warrant, he did not

include weapons, nor did he mention weapons in any other part of

the affidavit. The inclusion of the word seems to be a scrivener's

error. It is a "technical . . . irregularit[y] in the warrant"

which, in the absence of bad faith, does not render the search or

seizure unlawful. R. 3:5-7(g).

 Moreover, the firearm was not seized from defendant's

apartment pursuant to the warrant. The motion judge found

defendant, after being advised of his Miranda warnings,1

volunteered the location of the firearm that was secreted in an

air-conditioning unit.2 We give deference to those findings.

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).
2
 Because the firearm was secreted, and defendant directed police
to it, we do not agree with the motion judge, or the State's

 7 A-5411-15T1
State v. Elders, 192 N.J. 224, 244 (2007). The police did not

conduct an "exploratory investigation and pry[] into hidden places

for that which is concealed" so as to constitute a search. State

v. Anglada, 144 N.J. Super. 358, 361 (App. Div. 1976). Defendant

forewent any search and seizure protections by voluntarily

disclosing the location of the firearm. See Katz v. United States,

389 U.S. 347, 351, 88 S. Ct. 507, 511, 19 L. Ed. 2d 576, 582 (1967)

("What a person knowingly exposes to the public, even in his own

home . . . is not a subject of Fourth Amendment protection").

 The search warrant was not rendered infirm by the inclusion

of the term "weapons," and the firearm was properly seized after

defendant volunteered its location.

 Defendant argues the execution of the search warrant violated

the knock and announce rule because the warrant did not contain a

no-knock provision, and there were no exigent circumstances to

justify the no-knock entry into defendant's residence with a

breaching ram. The State argues the police did not violate the

knock and announce rule because they knocked, waited a reasonable

amount of time before entering and had reasonable suspicion that

defendant was attempting to either hide or destroy the evidence

of drugs.

argument on appeal, that the firearm was properly seized pursuant
to the plain view doctrine.

 8 A-5411-15T1
 The motion judge considered testimony from Sergeant

Christopher Spagnuolo, who was present and in charge of the unit

that first entered defendant's residence. The judge found that

the officers knocked and announced their presence to defendant

twice before breaching the door. Specifically, she found Officer

Messer knocked and loudly announced, "Police. Search Warrant. Open

the door[,]" whereafter movement was heard near a window. Another

announcement of, "Police. Search Warrant. Open the door[,]" was

made. After another pause without any response, the door was

breached and entry made. The motion judge also found another

detective saw a black bag tossed out a residence window.

 Again, we give deference to these findings "which are

substantially influenced by [the motion judge's] opportunity to

hear and see the witnesses and to have the 'feel' of the case,

which a reviewing court cannot enjoy." Elders, supra, 192 N.J.

at 244. "An appellate court should not disturb the trial court's

finding merely because 'it may have reached a different conclusion

were it the trial tribunal' or because 'the trial court decided

all evidence or inference conflicts in favor of one side' in a

close case." Ibid. (quoting State v. Johnson, 42 N.J. 146, 162

(1964)). A trial court's findings should be disturbed only if

they are so clearly mistaken "that the interests of justice demand

intervention and correction." Ibid. Only in those circumstances

 9 A-5411-15T1
should an appellate court "appraise the record as if it were

deciding the matter at inception and make its own findings and

conclusions." Ibid. However, we need not defer to a trial court's

interpretation of the law. State v. Shaw, 213 N.J. 398, 411

(2012). We review legal issues de novo. Ibid.

 The record supports the judge's findings. Spagnuolo

testified Messer was the first officer in a "stack" of fourteen

or fifteen Lakewood S.W.A.T. officers that approached the front

door of defendant's residence. He said Messer opened the screen

door, knocked "very loudly" and announced, "Lakewood Police.

Search warrant. Open the door." Spagnuolo testified Messer then

said that "he [could] hear movement inside the house and . . .

rustling around inside the house and movement at a window."

Approximately ten seconds after the first knock, Spagnuolo said

he commanded Messer to announce again. Messer knocked "loudly"

and made the same announcement. Approximately ten seconds after

the second knock, receiving no response from inside the house,

Spagnuolo ordered the door breached.

 New Jersey courts recognize the Fourth Amendment implications

of the knock and announce rule. See e.g. State v. Johnson, 168

N.J. 608, 625-26 (2001) (finding a no-knock entry was impermissible

under both the Fourth Amendment and the analogous provision in the

New Jersey Constitution). When officers knock and announce but

 10 A-5411-15T1
there is no response, a reasonable time must elapse between the

announcement and the forced entry. Id. at 621-22. In drug cases,

a reasonable wait time is generally measured by the amount of time

it would take to dispose of drugs, and not the time it would take

a resident to reach the door. See State v. Robinson, 200 N.J. 1,

17 (2009) (holding that a delay of twenty to thirty seconds between

knock and announcement and forcible entry was reasonable where the

object of the warrant was drugs and there was a potential for the

destruction of evidence while entry was delayed). See also State

v. Rodriguez, 399 N.J. Super. 192, 202 (App. Div. 2008) (concluding

that a wait of fifteen to twenty seconds after announcement was

reasonable).

 The testimony credited by the judge and confirmed by the

record establish that the police knocked and announced their

presence and waited a reasonable period before forcibly entering

the residence; the wait time was reasonable, especially

considering that the object of the warrant was the seizure of

drugs, and movements inside after the first knock indicated their

potential destruction. The entry team did not violate the knock

and announce rule, and properly executed the search warrant.

 We do not conclude that the breach was necessitated, in part,

by the detective's observation of a black bag being tossed out a

 11 A-5411-15T1
window. There is no testimony or other evidence that would prove

the entry team knew the bag was thrown before the breach.

 Defendant also challenges the denial of his motion to suppress

his statement, contending:

 POINT II

 THE JUDGMENT OF CONVICTION SHOULD BE REVERSED
 BECAUSE THE TRIAL COURT ERRONEOUSLY DENIED
 APPELLANT'S MOTION TO SUPPRESS STATEMENTS IN
 VIOLATION OF THE FOURTH AMENDMENT AND ARTICLE
 I, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION.

Defendant argues that the motion judge erred because,

notwithstanding her finding that police administered Miranda

warnings to defendant, and that he acknowledged his understanding

of those rights, she "did not address the fact that [his] statement

[at police headquarters] was the product of an illegal arrest and

illegal searches," requiring suppression of the statement as fruit

of the poisonous tree.

 We find insufficient merit in this argument to warrant

discussion. R. 2:11-3(e)(2). Since there was no illegal arrest

or search, defendant's statement at police headquarters was not

fruit of the poisonous tree.

 Affirmed.

 12 A-5411-15T1